NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0548n.06

No. 14-2494

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| HIKMAT S. JARBOU and JANAN F. JARBOU, | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| JPMORGAN CHASE BANK N.A., as purchaser of | ) |
| the loan and other assets of Washington Mutual Bank | ) |
| formerly known as Washington Mutual Bank, F.A., | ) |
| | ) |
| Defendant-Appellee. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Before: SUHRHEINRICH and MOORE, Circuit Judges; VAN TATENHOVE, District Judge.[*]

SUHRHEINRICH, Circuit Judge

Hikmat S. Jarbou and Janan F. Jarbou ("Plaintiffs") appeal the district court's order granting JP Morgan Chase Bank, N.A.'s ("Chase"), motion to dismiss.

Chase acts as the purchaser of a loan and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A. ("WaMu"). On February 13, 2004, Plaintiffs granted WaMu a mortgage interest on real property located in Michigan ("the Property") to secure a $1,495,000 loan. After Plaintiffs defaulted on their loan obligations, WaMu purchased the Property at a sheriff's sale on September 30, 2008.

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge of the Eastern District of Kentucky, sitting by designation

Chase, acting as receiver for WaMu, initiated proceedings in the 48th Judicial District Court to recover possession of the Property after the redemption period expired. The district court held a hearing and granted Chase a judgment of possession on April 29, 2009. Plaintiffs appealed that judgment to the Oakland County Circuit Court, arguing that they did not receive notice of the sheriff's sale and that WaMu failed to comply with the statutory requirements for foreclosure by advertisement. The circuit court affirmed the judgment of possession, concluding that (1) Plaintiffs waived their claim of defective notice because they failed to raise the issue at the district court hearing; (2) WaMu complied with all statutory foreclosure requirements; and (3) Plaintiffs' "intent during the lower court hearing and in th[e] Appeal has been to delay the inevitable with the hope of negotiating a new mortgage or re-purchasing the property."

On April 7, 2010, the 48th Judicial District Court granted Chase's motion for a writ of restitution, ordering Plaintiffs' eviction from the Property. Plaintiffs appealed that order to the Oakland County Circuit Court, and Chase filed a motion to dismiss. The circuit court granted Chase's motion "for the reasons stated on the record." While Chase's motion to dismiss was pending, however, Plaintiffs filed a new action against Chase and another defendant in Oakland County Circuit Court. The circuit court dismissed that action without prejudice based on Plaintiffs' failure to serve.

On March 29, 2011, Plaintiffs brought a complaint against WaMu and Chase in United States District Court for the Eastern District of Michigan, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, violations of the Real Estate Settlement Act, 12 U.S.C. § 2601 *et seq.*, breach of contract, and unjust enrichment. Chase filed a motion for summary judgment, which the district court granted on September 1, 2012. The court emphasized that

Plaintiffs' response to that motion was "entirely conclusory and contain[ed] no discussion responsive to the cogent legal arguments made by [WaMu and Chase]."

Interspersed with the previously-discussed actions, Plaintiffs filed a total of eight bankruptcy petitions with the United States Bankruptcy Court for the Eastern District of Michigan, triggering the Bankruptcy Code's automatic stay provision and resulting in administrative closing of Chase's state court eviction action. The bankruptcy court dismissed all of these petitions. Following dismissal of the bankruptcy petitions, Chase sought and obtained another order of eviction from the 48th Judicial District Court. The Oakland County Circuit Court denied Plaintiffs' application for leave to appeal this second order of eviction.

Plaintiffs filed the instant action with the Oakland County Circuit Court on April 9, 2014. Plaintiffs (1) asserted an action to quiet title; (2) alleged failure to receive notice of the foreclosure sale, in violation of Mich. Comp. Laws § 600.3208; and (3) sought injunctive relief. Chase removed the suit to United States District Court for Eastern District of Michigan on April 28, 2014.

Chase moved to dismiss the complaint on June 2, 2014. Plaintiffs filed an answer to that motion, as well as a request to stay Chase's motion pending discovery. On August 21, 2014, the magistrate judge issued a report and recommendation that Chase's motion be granted. The magistrate judge held that the doctrine of *res judicata* precluded Plaintiffs' claim because previous state and federal decisions resolved related claims between the same parties and based on the same set of operative facts. The magistrate judge also recommended that the district court deny Plaintiffs' request to take discovery because "[b]y the very nature of [Fed. R. Civ. P. 12(b)(6)], discovery is neither necessary nor sufficient to defeat a 12(b)(6) motion." Finally, the magistrate judge issued a notice that any objections were due within 14 days of the report's

issuance, and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." Plaintiffs did not file specific objections, but rather rehashed the arguments from its response to Chase's motion to dismiss.

On October 21, 2014, the district court issued an order adopting the magistrate judge's report and recommendation. The court concluded that Plaintiffs' submission did not contain any specific objections to the report and recommendation, but rather included "cut and paste" portions of their response to Chase's motion to dismiss, and it agreed with the magistrate judge's analysis and conclusions. Plaintiffs now appeal.

Having reviewed the parties' briefs, the applicable law, and the record, we conclude that Plaintiffs waived their right to appeal by failing to file specific objections within the allotted period, and that the district court appropriately disposed of all claims in adopting the magistrate judge's report and recommendation. Therefore, for the reasons stated in the district court's order dated October 21, 2014, and the magistrate judge's report and recommendation dated August 21, 2014, we **AFFIRM**.